UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA GARCIA JIMENEZ,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | Case No. 5:26-cv-05696 ADS<br><br>ORDER GRANTING PETITION |

**I. <u>THE PETITION</u>**

Petitioner Patricia Garcia Jimenez filed the instant Petition on September 25, 2026. [Dkt. No. 1.] According to the Petition, Petitioner entered the United States in 2000 and was subsequently paroled into the country. [Dkt. No. 1 ¶ 65.] Petitioner alleges that she has since lived openly in the United States. [<u>Id.</u> ¶ 71.] Petitioner raised three United States citizen children and was recent employed by Wave AG LLC in Oxnard and Glass House in Camarillo. [<u>Id.</u> ¶¶ 71, 73.] Petitioner has filed 20 U.S. tax returns and she has ample letters of support from the community that speak to her good

moral character. [Dkt. No. 1-2 at 4-7.] Petitioner was detained by immigration officials on June 10, 2026, without notice or a pre-deprivation hearing. [Id. ¶¶ 88-90.] In Petitioner's only bond hearing, the immigration judge ruled that he had no jurisdiction to evaluate whether Petitioner was a flight risk or danger to the community. [Id. ¶¶ 95-98.] Petitioner's removal proceedings are still pending. [Id. ¶¶ 110-112.] Petitioner alleges the following grounds for relief: (1) a procedural due process violation due to the lack of notice or a hearing prior to re-detention; (2) her detention is not necessary; (3) a due process right to an individualized bond hearing; and (4) post-deprivation process does not cure a pre-deprivation injury. [Id. ¶¶ 212-281.] Petitioner requests immediate release from custody subject to reasonable conditions, declaratory relief, an injunction preventing her re-detention without pre-deprivation process, or in the alternative, a new constitutionally adequate bond hearing. [Id. ¶¶ 309-312.]

## II. PROCEDURAL HISTORY

On September 25, 2026, Respondents received notice of General Order 26-05, requiring Respondents to file an answer within 7 days. [Dkt No. 5.] No responsive pleading was filed. On October 5, 2026, the Court issued an order to show cause requiring a response by no later than October 6 2026. [Dkt. No. 7.] To date, Respondents have not appeared or otherwise defended the case.

## III. ANALYSIS

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. See U.S. Const. amend. V. It is settled law that noncitizens within the United States are entitled to due process "whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). As a matter of due process, many, but not all, courts have found that

noncitizens released on parole are entitled to a pre-deprivation bond hearing prior to re-detainment. See Nath v. Chestnut, No. 1:26-CV-01800-DC-CKD (HC), 2026 WL 743356, at *1 (E.D. Cal. Mar. 17, 2026) (collecting cases); see also R.A.N.O. v. Wofford, 820 F. Supp. 3d 1094, 1105 (E.D. Cal. 2026) ("The Court concludes that a pre-deprivation hearing is necessary to satisfy due process"); see also E-M- v. Hermosillo, No. 3:25-CV-1083-SI, 2026 WL 883776, at *6 (D. Or. Mar. 31, 2026) (stating there are "overwhelming authorities holding that after a noncitizen has been released on conditional parole, due process requires notice and a pre-deprivation hearing"); but see Kilroy v. Los Angeles Unified Sch. Dist., No. CV 16-09068-DMG-JDE, 2018 WL 7916367, at *10 (C.D. Cal. Dec. 6, 2018), report and recommendation adopted sub nom., 2019 WL 1429615 (C.D. Cal. Mar. 29, 2019), aff'd, 810 F. App'x 558 (9th Cir. 2020) ("The Supreme Court has emphasized that due process is flexible and has rejected the proposition that due process always requires a pre-deprivation hearing" (citation omitted)).

Petitioner claims that her due process rights have been violated because she failed to receive notice or a hearing prior to her re-detention. Petitioner has resided in the United States for over 25 years since she was paroled into the country. [Dkt. No. 1 ¶ 65.] Petitioner has lived openly in the United States, raising three United States citizen. [Id. ¶¶ 71, 73.] Petitioner has filed 20 U.S. tax returns and has ample letters of support from the community that speak to her good moral character. [Dkt. No. 1-2 at 4-7.] Respondents have not appeared to defend this case. Therefore, Respondents have not provided any argument regarding whether Petitioner was entitled to a pre-deprivation notice and a hearing prior to the revocation of her release. Respondents' failure to appear and defend the case is a concession to the Petition and its requested relief.

Therefore, the unopposed Petition is granted.[1][2] However, to the extent Petitioner seeks an injunction against future detention without notice and a hearing, the Court does not consider it necessary to provide additional relief addressing a hypothetical possibility that Respondents may re-detain Petitioner. See Meza-Hernandez v. Marin, No. 5:26-CV-00813-MCS-JDE, 2026 WL 1333740, at *1 (C.D. Cal. May 13, 2026) ("[T]he Court will not grant habeas relief that exceeds the scope of the claims in the petition or is based on speculation about what might happen after Petitioner's release.").

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED:

1. The Petition is granted;
2. Petitioner Patricia Garcia Jimenez (A# 078-049-639) must be immediately released from immigration detention; and
3. Judgment shall be entered accordingly.

DATED: October 7, 2026

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge

[1] In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." United States v. Sineneng-Smith, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." Id. at 375–76 (citation modified).

[2] Because the Court finds Petitioner is entitled to relief, the Court does not reach the other grounds asserted.